UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ALEXANDER SHRIRA, MD, | **REPORT** |
| Plaintiff, | **and** |
| | **RECOMMENDATION** |
| v. | ------------------------------ |
| | **DECISION** |
| THE STATE UNIVERSITY OF NEW YORK at BUFFALO (SUNYAB), and | **and** |
| UNIVERSITY MEDICAL RESIDENT SERVICES, | **ORDER** |
| | **02-CV-323A(F)** |
| Defendants. | |

---

APPEARANCES:          ALEXANDER SHRIRA, *Pro Se*
                     271 Northhampton Street
                     Buffalo, New York 14202

                     ELIOT L. SPITZER
                     New York Attorney General
                     Attorney for Defendant State University of
                        New York at Buffalo
                     STEPHEN F. GAWLIK
                     Assistant Attorney General, of Counsel
                     107 Statler Towers, Fourth Floor
                     Buffalo, New York 14202

                     HURWITZ & FINE, P.C.
                     Attorneys for Defendant University Medical
                        Resident Services
                     LAWRENCE M. ROSS, and
                     STEPHEN C. BILLMAN, of Counsel
                     1300 Liberty Building
                     Buffalo, New York 14202-3670

## JURISDICTION

This action was originally referred to the undersigned on October 18, 2002, by

Honorable Richard J. Arcara, who re-referred the matter to the undersigned on

February 10, 2004. The matter is presently before the court on motions to dismiss the amended complaint, filed January 31, 2005, by Defendant University Medical Resident Services (Doc. No. 78), and on February 1, 2005 by Defendant State University of New York at Buffalo (Doc. No. 79), and on Plaintiff's motion filed March 28, 2005, for leave to file a second amended complaint (Doc. No. 83).[1]

## BACKGROUND and FACTS[2]

Plaintiff Alexander Shrira, MD ("Plaintiff"), commenced this action on April 30, 2002, challenging the termination of his employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("the ADA"). Defendants to this action include State University of New York at Buffalo ("SUNYAB") and University Medical Resident Services ("UMRS"). Essentially, Plaintiff claims that while he was employed in a neurology residency program with Defendant UMRS, he was subjected to a hostile work environment and, on June 13, 200, terminated from his employment based on his sex, national origin, Russian, and an unspecified disability.

Following the termination of his employment, Plaintiff did not pursue the administrative remedies available to him pursuant to the residency employment agreement which governed his employment with UMRS; rather, on July 13, 2000, Plaintiff filed a complaint against Defendants with the New York State Division of

---

[1] Although Defendants' motions to dismiss are dispositive and Plaintiff's motion for leave to file a second amended complaint is nondispositive, the undersigned addresses all motions in this combined Report and Recommendation and Decision and Order in the interest of completeness.

[2] Taken from the pleadings and motion papers filed in this action.

2

Human Rights ("DHR"), alleging discrimination based on his national origin and gender. The DHR investigated the matter and, on October 12, 2001, issued a letter informing Plaintiff that the DHR had determined that Defendants had not engaged in any unlawful discriminatory practices and that Plaintiff's claim was dismissed. Plaintiff, on October 23, 2001, filed charges with the Equal Employment Opportunity Commission ("EEOC") again asserting employment discrimination based on his gender and national origin. In a letter dated February 8, 2002, the EEOC notified Plaintiff that the EEOC had adopted the DHR's findings that Defendants had not engaged in any discriminatory conduct, that the EEOC was closing Plaintiff's file regarding the claim, and that Plaintiff had the right to sue under federal law based on the allegations presented in the EEOC claim by filing an action in federal or state court.

On July 10, 2002, Defendant SUNYAB, prior to serving its answer, moved to dismiss the Complaint for failure to state a claim asserting that SUNYAB is immune from suit under the Eleventh Amendment. On October 16, 2002, Defendant UMRS filed a motion to dismiss for insufficiency of process and for failing to state a claim based on Plaintiff's failure to exhaust administrative remedies. In a Report and Recommendation issued on September 24, 2003 (Doc. No. 48), the undersigned recommended, as to Defendant SUNYAB, dismissing the Complaint in its entirety, without prejudice, for noncompliance with Fed. R. Civ. P. 8(a)(2), and, alternatively, dismissing Plaintiff's claims under the ADA with prejudice as barred by Eleventh Amendment immunity. As to Defendant UMRS, the undersigned recommended dismissing the complaint in its entirety for failing to timely exhaust administrative remedies under both Title VII and the ADA and, alternatively, that Defendant UMRS's

requests to dismiss the Complaint for failure to exhaust contractual remedies, improper service and improper form of summons be denied.  By Decision and Order issued on February 6, 2004 (Doc. No. 60) ("February 6, 2004 Decision and Order), Judge Arcara adopted the recommendation that the Complaint be dismissed in its entirety, and without prejudice, as to SUNYAB for noncompliance with Fed. R. Civ. P. 8(a)(2), and that all ADA claims against both SUNYAB and UMRS be dismissed with prejudice for failure to timely exhaust, given that the DHR complaint Plaintiff filed makes no mention of disability.  The Complaint, however, was not dismissed as to the Title VII claims alleged against UMRS as Plaintiff had established the existence of a genuine issue of material fact as to whether his July 13, 2000 DHR complaint was cross-filed with the EEOC for purposes of the 300-day statute of limitations.  Plaintiff was given until March 8, 2004 to file an amended complaint.  Plaintiff was further advised that

> The amended complaint must comply with the requirements of Rule 8(a)(2) or it shall be subject to dismissal, with prejudice.  The amended complaint shall not assert any claims under the ADA as all such claims have been dismissed with prejudice.  Further, if it is plaintiff's position that the DHR charges were cross-filed with the EEOC, then the amended complaint should include such an allegation.  Failure to file an amended complaint by March 8, 2004 shall result in the case being dismissed with prejudice.

February 6, 2004 Decision and Order at 7.

On January 18, 2005, Plaintiff filed the Amended Complaint (Doc. No. 76).[3]  In

---

[3] Plaintiff's time to file an amended complaint was extended several times as Plaintiff moved under Fed. R. Civ. P. 60(b) for reconsideration of the February 6, 2004 Decision and Order, moved for injunctive relief, and appointment of counsel, Doc. No. 65, attempted to appeal the February 6, 2004 Decision and Order to the Second Circuit Court of Appeals, (Doc. No. 72), and moved, a second time, under Fed. R. Civ. P. 60(b) for reconsideration of the February 6, 2004 Decision and Order as well as for reconsideration of the denial of his request for injunctive relief (Doc. No. 75).  Defendants do not dispute that Plaintiff's Amended Complaint was timely filed on January 18, 2005 in accordance with the court's November 24, 2004 Order (Doc. No. 75).

addition to alleging claims under Title VII and the ADA against SUNYAB and the UMRS, the Amended Complaint also adds as defendants "Noe, MD," "Hurwitz & Fine, Inc.," Lawrence Ross, Esq., "Berger," "Pullicino," "Parowski," "Fine," and "Cowen."[4]  On January 31, 2005, Defendant UMRS moved pursuant to Fed. R. Civ. P. 12(b)(6) and 41(b) to dismiss the Amended Complaint for failure to state a claim, and failure to comply with the February 6, 2004 Decision and Order.  Attached in support of the notice of motion is the Affidavit of Attorney Scott C. Billman, Esq. ("Billman Affidavit"), and Exhibits A through D.  On February 1, 2005, Defendant SUNYAB moved pursuant to Fed. R. Civ. P. 8 and 41(b) to dismiss the Amended Complaint for noncompliance with Fed. R. Civ. P. 8(a)(2) and failure to comply with the February 6, 2004 Decision and Order.  In support of the motion, SUNYAB filed a "Memorandum of Law in Support of Motion to Dismiss on Behalf of Defendant State University of New York at Buffalo" (Doc. No. 80) ("SUNYAB Memorandum"), and the Declaration of Assistant Attorney General Stephen Gawlik (Doc. No. 81) ("Gawlik Declaration").  By order filed February 10, 2005, Plaintiff was given until March 4, 2005 to respond to the motions to dismiss, and Defendants were given until March 25, 2005 to file any replies.

Plaintiff did not respond to the motions to dismiss.  Plaintiff, however, moved on March 28, 2005, for "leave to amend the complaint to cure appearance of noncompliance with the Court directives."  Motion for Leave to Amend (Doc. No. 83) at 1.  Plaintiff further requests permission to "defer [his] response to the motions to

---

[4] Newly added defendants Berger, Pullicino, Noe, Paroski, Fine and Cowen are not further identified, although the Amended Complaint states that "Doe" "[s]tands for the names of the person that will be further identified upon completion of the discovery."  Amended Complaint at 1 n. 1.

5

dismiss filed on behalf of the defendant until the pleading and responses from the defendants are before the court." *Id*.  Plaintiff filed on March 28, 2005, in support of the motion an Affirmation (Doc. No. 84) ("Plaintiff's Affirmation"), and Affidavit/Affirmation (Doc. No. 85) ("Plaintiff's Affidavit").  Oral argument was deemed unnecessary.

Based on the following, Defendant UMRS's motion to dismiss the Amended Complaint should be GRANTED; Defendant SUNYAB's motion to dismiss the Amended Complaint should be GRANTED; and Plaintiff's motion for leave to file a second amended compliant should be DISMISSED as moot.

## DISCUSSION

Defendants SUNYAB and UMRS both move pursuant to Fed. R. Civ. P. 41(b) to dismiss the Amended Complaint based on Plaintiff's failure to comply with the February 6, 2004 Decision and Order.  In particular, SUNYAB maintains that the Amended Complaint fails to comply with the February 6, 2004 Decision and Order's direction that the Amended Complaint (1) comply with Fed. R. Civ. P. 8(a)(2), (2) not assert any claims under the ADA as such claims have already been dismissed with prejudice, and (3) include an allegation that Plaintiff's DHR complaint alleging Title VII violations was cross-filed with the EEOC such that Plaintiff timely exhausted administrative remedies.  Plaintiff's Memorandum at 3-4.  UMRS seeks to dismiss the Amended Complaint with prejudice as against the newly added Defendants "Noe, MD, Hurwitz & Fine, Inc., and Lawrence Ross, Esq.," for noncompliance with the February 6, 2004 Decision and Order insofar as the it makes no provision for adding defendants, that any claims against such new defendants were not administratively exhausted, that the Amended

6

Complaint does not allege facts sufficient to apply the relation back doctrine of Fed. R. Civ. P. 15 as to the new defendants and that the dismissal, with prejudice, of claims under the ADA also prohibits the allegation of ADA claims against the new defendants. Billman Affidavit ¶¶ 9-13.  UMRS further seeks to dismiss the Amended Complaint as against UMRS for noncompliance with Fed. R. Civ. P. 8(a)(2), Billman Affidavit ¶¶ 14-15, and for failing to allege sufficient facts establishing that Plaintiff timely exhausted his administrative remedies by cross-filing his DHR Complaint with the EEOC.  *Id*. ¶¶ 16-24.  As stated, Plaintiff has not responded to the motions to dismiss but has moved for leave to file a second amended complaint and for an extension of time to respond until after Defendants file their responses to such second amended complaint.  Plaintiff's Motion at 1.

1.      **Fed. R. Civ. P. 8(a)(2)**

Defendants SUNYAB and UMRS, as well as newly added Defendants Michael Noe, M.D., Hurwitz & Fine, P.C., and Lawrence Ross, Esq., move to dismiss the Amended Complaint for noncompliance with Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" pleadings requirement.  Billman Affidavit ¶¶ 14-15; SUNYAB Memorandum at 2-4.  The original Complaint was dismissed, without prejudice, pursuant to Fed. R. Civ. P. 8(a)(2) because it was "rambling, verbose and [ ] not presented in any chronological order."  September 24, 2003 Report and Recommendation at 7.  The intention of Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," is intended "to give the adverse party fair notice of the claim asserted so as to enable him to answer

7

and prepare for trial," and to avoid "'[u]nnecessary prolixity in a pleading [which] places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1281 at 365 (1969)).  Dismissal for noncompliance with Rule 8(a)(2) generally "is reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Salhuddin, supra* (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1989)), and such dismissal is generally without prejudice to filing an amended pleading conforming to Rule 8(a)(2)'s requirements.  *Id*.  In the instant case, the February 6, 2004 Decision and Order specifically advised Plaintiff that "[t]he amended complaint must comply with the requirements of Rule 8(a)(2) <u>or it shall be subject to dismissal, with prejudice</u>."  February 6, 2004 Decision and Order at 7 (underlining added).

"'[A]ll litigants, including *pro ses*, have an obligation to comply with court orders.'" *Minotti v. Lesink*, 895 F.2d 100, 103 (2d Cir. 1990) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F. 2d 121, 124 (2d Cir. 1988)).  Further, the dismissal of a complaint with prejudice, although severe, may be imposed, even against a *pro se* plaintiff, for failure to comply with a court order "so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citing cases).

In the instant case, a plain reading of the Amended Complaint establishes that, similar to the original Complaint,  it is "not presented in any chronological order," and is

8

even more "rambling and verbose" than the original Complaint. September 24, 2003 Report and Recommendation at 7. Following is an example of Plaintiff's failure to present his claims in any chronological order. In the Amended Complaint, Plaintiff initially alleges that he joined the Neurology Residency Program on July 1, 1997, Amended Complaint ¶ 1, that his residency contract was wrongfully terminated in November 1997 and February 1998, Amended Complaint ¶ 2, but that Plaintiff was readmitted to the residency program on July 14, 1999 to fill an unexpected vacancy. Amended Complaint ¶ 3. Plaintiff then launches into a series of allegations regarding hostility he faced in the work environment and his attempts to resolve such issues through the available grievance procedures. Such allegations, however, are not listed in any apparent order but, rather skip from one time period to another. For example, ¶ 4 of the Amended Complaint refers to Plaintiff's termination in November 1997, and ¶ 5 of the Amended Complaint references various grievances hearings held in 1998 and 2000 regarding his termination, but does not specify whether such proceedings pertained to his 1997 or 1998 termination. In ¶ 6, Plaintiff alleges one "Dr Fine" was hostile toward Plaintiff in January 1998 and, in ¶ 7, makes additional allegations regarding Dr. Fine's actions during an unspecified period in 1998. In ¶ 8, Plaintiff attributes additional deceitful acts by Dr. Fine occurring in January 1999 and August 2001, but in ¶ 9, Plaintiff alleges unlawful conduct by Dr. Fine occurring in April and December 1999. In ¶ 10, Plaintiff complains of misconduct by "Dr. Cohen" and "Dr. Berger" in November 2000, and, in ¶ 13, alleges unlawful conduct by "Dr. Richard Cohen," "Dr. Bates," and "Dr. Ostrum," in August, October and November 1997. In ¶ 19, Plaintiff references letters he allegedly wrote to administrators of the residency

program in February 2002, April and May 1998 and May, June and November 2000, yet in ¶ 20, Plaintiff reverts to discussing the grievance proceedings relative to his November 1997 termination.  In ¶ 22 Plaintiff claims he received "biased and fraudulent scathing" evaluations at some unspecified time, and that in April and May 1998 there were complaints from nurses about Plaintiff,[5] but in ¶ 23, Plaintiff alleges that Dr. Bates accused Plaintiff of incompetency in September 1997.  In short, the Amended Complaint fails to allege the facts in chronological order, such that it is extremely difficult to discern when the alleged unlawful conduct for which Plaintiff sues occurred.

      Further, similar to the original Complaint, the Amended Complaint is both rambling and verbose.  Indeed, the Amended Complaint is replete with generalized allegations that Defendants repeatedly subjected Plaintiff to harassment and discrimination based on his gender, ethnicity and disability, yet contains no specifics as to how such harassment and discrimination occurred.  For example, Plaintiff alleges misconduct by unnamed faculty members who were "*overtly chauvinistic* and abused their position to affect illicit exploitation, harassment, defamation and ultimately breach of contract based on their fraudulent allegations," and that unidentified "[p]eople were encouraged, cajoled or pressed to contribute to this campaign."  Amended Complaint ¶ 1 (italics in original).  Plaintiff, however, not only fails to identify the members of the faculty to whom the allegation pertains, as well as the "people" whom he alleges were persuaded to join in the "campaign" against him, but also fails to allege what the

---

[5] It is unclear how Plaintiff could have received any complaints from nurses in April and May 1998 given that Plaintiff alleges he was terminated from the residency program in January 1998.  Such inconsistency, however, is indicative of the "rambling" and unintelligible nature of the pleadings.

fraudulent allegations were, what actions were chauvinistic, how he was exploited, harassed and defamed, or by what actions others were "encouraged, cajoled or pressed to contribute to this campaign."  *Id*. ¶ 1.

In ¶ 2 Plaintiff alleges he "was terminated twice on patently false grounds," (underlining in original), yet fails to specify what the grounds were or why they were false.  In ¶ 7 Plaintiff alleges he voluntarily worked, without pay, for Dr. Fine, with whom Plaintiff co-authored an article about "Bell's palsy" and for whom Plaintiff also ran personal errands, yet Plaintiff also alleges he was paid for such work by the Department of Neurology and by Dr. Fine himself.  Plaintiff mentions various people discriminated against him, including, *inter alia*, Dr. Hershey, Amended Complaint ¶ 12, Dr. Bates, *id*. ¶ 13, and Dr. Ostrum, *id*., yet fails to specify who such persons are or their relation to Plaintiff.  Another example of the Amended Complaint's rambling and verbose nature is found in ¶ 20 where Plaintiff alleges "[o]vert and covert retaliation for objection to illicit practices was my recurrent experience.  It was in response to my objections to harassment and discrimination directed against me and in retaliation for speaking up on behalf of mistreated patients."  Plaintiff, however, fails to otherwise identify the "mistreated patients" on whose behalf Plaintiff alleges in ¶ 20 he spoke.  In short, the Amended Complaint is comprised of a myriad of generalized complaints,  the vast majority for which it is difficult to determine to which defendant the action complained of is attributed, or the specific conduct of which Plaintiff complains violated his rights.

The Amended Complaint thus fails to comply with Fed. R. Civ. P. 8(a)(2) and, as such, Defendants' motions to dismiss for noncompliance with Rule 8(a)(2) should be GRANTED and the Amended Complaint should be DISMISSED in its entirety and with

11

prejudice as to SUNYAB and UMRS.

Although the undersigned recommends dismissal of the Amended Complaint in its entirety for noncompliance with Rule 8(a)(2), as the matter is before the undersigned for a Report and Recommendation on dispositive motions, the remaining arguments are addressed in the alternative should the District Judge disagree with the recommendation to dismiss the Amended Complaint, with prejudice, for noncompliance with Rule 8(a)(2), and in the interest of completeness.

**2.    Claims Under the ADA**

Defendant SUNYAB, UMRS and newly added Defendants Michael Noe, M.D. ("Noe"), Hurwitz & Fine, P.C. ("Hurwitz & Fine") and Lawrence Ross, Esq. ("Ross"), move to dismiss the Amended Complaint's claims under the ADA on the basis that the February 6, 2004 Decision and Order directed that "[t]he amended complaint shall not assert any claims under the ADA as all such claims have been dismissed with prejudice." SUNYAB Memorandum at 3; Billman Affidavit ¶¶ 11, 20. Newly added defendants Noe, Hurwitz and Fine and Ross further seek dismissal on the basis that the Amended Complaint fails to allege any facts requiring application of the relation back doctrine as to them. Billman Affidavit ¶ 12.

Plaintiff alleges in the Amended Complaint that Defendants discriminated against him in violation of the ADA, Amended Complaint ¶ 14,[6] despite Judge Arcara's direction

---

[6] The court notes that the Amended Complaint, like the original Complaint, fails to disclose the precise nature of Plaintiff's alleged disability.  *See, e.g.*, Amended Complaint ¶ 24 (alleging Defendants discriminated against Plaintiff based on his "maliciously alleged mental impairment").

that "[t]he amended complaint shall not assert any claims under the ADA as all such claims have been dismissed with prejudice," February 6, 2004 Decision and Order at 7. In fact, the ADA claims presented in the original Complaint were dismissed with prejudice for failure to exhaust administrative remedies as to such claims given that the administrative charge filed with the DHR did not allege any claim based on disability. February 6, 2004 Decision and Order at 4-6. Plaintiff does not argue otherwise. Accordingly, Defendants' motions to dismiss the ADA claims in the Amended Complaint should be GRANTED.

### 3.     Exhaustion of Administrative Remedies

Defendants move to dismiss the Amended Complaint for failing to allege that Plaintiff cross-filed his DHR complaint with the EEOC. SUNYAB Memorandum at 4; Billman Affidavit ¶¶ 16-24. Although the record establishes that Plaintiff filed a charge with the DHR on July 13, 2000, and that Plaintiff, upon receiving the DHR's determination that Defendants had not engaged in any discriminatory practices, filed charges with the EEOC on October 23, 2001, the filing of the EEOC charge was untimely as it occurred more than 300 days after the last act of discriminatory conduct of which Plaintiff complains, which occurred in November 2000. Amended Complaint ¶ 19, 42 U.S.C. § 2000e-5(e)(1) (Title VII), and 42 U.S.C. § 12117(a) (ADA).

Significantly, the Amended Complaint does not allege any additional discriminatory acts occurred after November 2000, other than vague references to Plaintiff's writing letters to "the Administration of Kaleida (Feb 2000)", regarding the alleged misconduct and that "Dr Bernandino and administration of Kaleida refused to

13

address my requests for the stipulated [sic] in the institutional policies formal investigation of the reported actionable misconduct (Circa March 2002 and June 2002)." Amended Complaint ¶ 19.  If such allegations are an attempt by Plaintiff to allege further misconduct so as to bring his filing on the EEOC complaint on October 23, 2001 within 300 days of the last alleged act of discriminatory conduct, such attempt is in vain.  Specifically, neither "Dr Bernandino" nor "the administration of Kaleida" are sued as defendants to this action.  Accordingly, any failure by Dr. Bernandino or Kaleida's administration as to requests by Plaintiff regarding alleged misconduct is not attributable to the named Defendants and, thus, does not demonstrate the continuation of any alleged misconduct by such Defendants sufficient to render Plaintiff's EEOC filing timely.

Accordingly, Defendants' motions to dismiss for failure to comply with the February 6, 2004 Decision and Order's direction that "if it is plaintiff's position that the DHR charges were cross-filed with the EEOC, then the amended complaint should include such an allegation" should be GRANTED.

### 4.     Motion for Leave to File Second Amended Complaint

As the undersigned is recommending the motions to dismiss be granted, the court need not address Plaintiff's motion for leave to file a second amended complaint and such motion (Doc. No. 83) is DISMISSED as moot.

Alternatively, the motion is DENIED under Fed. R. Civ. P. 6 based on Plaintiff's failure to establish cause for failing to comply with the court's order or to timely request an extension of time.  Specifically, Rule 6 provides, in pertinent part, that

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Fed. R. Civ. P. 6(b).

As discussed, Plaintiff did not file any response in opposition to the motions to dismiss. Rather, Plaintiff filed on March 28, 2005, more than three weeks after the deadline for Plaintiff to respond to the motions to dismiss had passed, moved for leave to file a second amended complaint and for an extension of time to respond to the motions to dismiss until after such second amended complaint had been filed.  Plaintiff, however, provides no reason for failing to request an enlargement of time to respond to the motions to dismiss; rather, Plaintiff proceeded as if he presumed his motion for leave to file a second amended complaint would be granted.

    Moreover, whether it is Plaintiff's intention that any second amended complaint would not be subject to dismiss because it would comply with Rule 8(a)(2) and would allege that his DHR complaint was filed with the EEOC, thereby establishing that Plaintiff had timely exhausted administrative remedies cannot be determined given that Plaintiff failed to attach to the motion seeking leave to file a proposed second amended complaint a copy of such proposed amended complaint.  Significantly, Plaintiff's failure to provide a copy of a proposed second amended complaint, or to at least describe the proposed amendments in more detail, renders the court unable to determine whether such amendment would be futile.

    Plaintiff's motion seeking leave to file a second amended complaint is,

alternatively, DENIED.

### 5. Remaining New Defendants

As discussed, in addition to SUNYAB and UMRS, the Amended Complaint also names as defendants "Noe, MD," "Hurwitz & Fine, Inc.," Lawrence Ross, Esq., "Berger," "Pullicino," "Parowski," "Fine," and "Cowen." Amended Complaint, Caption. Although Dr. Noe, Hurwitz & Fine and Ross have moved to dismiss the Amended Complaint as to them, no such motion or other response or answer has been filed by Berger, Pullicino, Parowski, Fine or Cowen. Nevertheless, the Amended Complaint should be dismissed *sua sponte* as to such defendants as the record does not establish that the Amended Complaint was ever served on such defendants, let alone served within 120 days after filing the Amended Complaint as required by Fed. R. Civ. P. 4(c)(1) and (m), the February 6, 2004 Decision and Order makes no provision for adding new defendants, and the Amended Complaint fails to comply with Rule 8(a)(2). See *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (observing that a district court has the power to dismiss, either on motion or *sua sponte*, a complaint for failing to comply with Rule 8(a)(2)).

## CONCLUSION

Based on the following Defendant UMRS's motion to dismiss the Amended Complaint (Doc. No. 78) should be GRANTED; Defendant SUNYAB's motion to dismiss the Amended Complaint (Doc. No. 79) should be GRANTED; Plaintiff's motion for leave to file a second amended compliant (Doc. No. 83) is DISMISSED as moot; alternatively,

the motion is DENIED; and the Amended Complaint should *sua sponte* be dismissed as against the newly added defendants. The Clerk of the Court should be directed to close the file.

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 10 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED. R. CIV. P. 72(a).

SO ORDERED as to Plaintiff's motion
for leave to file a further amended complaint,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Defendant's
motions to dismiss,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    April 15, 2005
          Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

                                          /s/ *Leslie G. Foschio*
                                _____
                                      LESLIE G. FOSCHIO
                               UNITED STATES MAGISTRATE JUDGE

DATED:    April 15, 2005
               Buffalo, New York